# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARLON D. COLLINS,

    Plaintiff,

v.

BRIAN E. WILLIAMS, SR., *et al.*,

    Defendants.

Case No. 2:10-CV-01967-KJD-PAL

**ORDER**

    Before the Court is Defendants' Motion for Partial Dismissal (#11). Plaintiff filed an opposition (#14) and Defendants replied (#17).

I.  Background

    Plaintiff is currently in the custody of the Nevada Department of Corrections and is incarcerated at Stewart Conservation Camp in Carson City. Plaintiff alleges that while at Southern Desert Correctional Center ("SDCC") he filed a grievance about his cell mate. Plaintiff believed that filing this grievance exposed him to danger and requested a transfer to another institution. Prison officials placed Plaintiff in administrative segregation. Later, Plaintiff's request for transfer was denied. Plaintiff avers that Defendants refused to release him from administrative segregation unless he signed a waiver of liability. Plaintiff declined to sign the waiver and was held in indefinite administrative segregation. Plaintiff claims, *inter alia*, that the denial of his request for transfer,

Case 2:10-cv-01967-KJD -PAL   Document 19   Filed 11/16/11   Page 2 of 4

indefinite administrative segregation, and consequent loss of good time credits, violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants seek to dismiss this claim.

II.  Discussion

     A. Legal Standard for Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

2

omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, pro se litigants must supply a minimum factual basis for the claims they assert against defendants. Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

### B. Eighth Amendment Violation

A prison official violates the Eighth Amendment when: (1) the condition of confinement objectively poses a substantial risk of serious harm (extreme deprivation); and (2) the prison official knows of the substantial risk and ignores it (deliberate indifference or criminal recklessness). Farmer v. Brennan, 511 U.S. 825, 834-37 (1994); Hudson v. McMillian, 503 U.S. 1, 9 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions of confinement claim. Hudson, 503 U.S. at 9.

Plaintiff has not pled facts sufficient to state a claim for a violation of the Eighth Amendment. Defendants removed Plaintiff from a potentially dangerous situation. The crux of his claim is that Defendants subjected him to cruel and unusual punishment by conditioning his release to general population on his signing of a waiver of liability. This does not constitute an extreme deprivation. A prisoner does not have a constitutional right to be housed at a particular institution or to receive a particular security classification. Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir. 1997). Nor does administrative segregation constitute cruel and unusual punishment. Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995) (holding that administrative segregation for an indeterminate period "is within the terms of confinement ordinarily contemplated by a sentence"). Plaintiff has failed to show make the required showing of extreme deprivation. Accordingly, he fails to state a claim for violation of the Eighth Amendment.

### C. Good Time Credits

Plaintiff seeks restoration of good time credits. (Compl. at 9.) Loss of good time credits is a challenge to the fact or duration of confinement. Relief of the type requested by Plaintiff may only be obtained in federal court through a writ of habeas corpus. Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Accordingly, Plaintiff fails to state a claim relating to good time credits.

### D. Qualified Immunity

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Officers can have a reasonable, but mistaken, belief about the facts or about what the law requires in a certain situation. Saucier v. Katz, 533 U.S. 194, 202 (2001); Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002).

Here, the Court has determined that Plaintiff failed to state a claim for a violation of the Eighth Amendment. The Complaint also fails to show that Defendants knowingly violated the Eighth Amendment. Accordingly, Defendants are entitled to qualified immunity on the Eighth Amendment claim.

## III. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Dismissal (#11) is **GRANTED**.

DATED this 16th day of November 2011.

_____
Kent J. Dawson
United States District Judge