**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARLON D. COLLINS,<br><br>              Plaintiff,<br><br>vs.<br><br>BRIAN E. WILLIAMS, SR., et al.,<br><br>              Defendants. | Case No. 2:10-cv-01967-KJD-PAL<br><br>**ORDER AND SCHEDULING ORDER**<br><br>(Mtn to Appoint Counsel - Dkt. #24) |

This matter is before the court on Plaintiff's Motion for Appointment of Counsel (Dkt. #24) filed December 2, 2011. The court has considered the Motion. Additionally, a review of the court's docket reveals that no scheduling order has been entered in this case pursuant to LR 16. Defendants Cheryl Burson, CCS Hill, III, Jerry Howell, Vincent Rabourn, and Brian E. Williams, Sr. filed an Answer (Dkt. #21) on November 30, 2011.

**I.     Motion to Appoint Counsel (Dkt. #24).**

Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff requests the court appoint counsel to represent him because he is unable to afford counsel. He asserts Defendants have not contested his First Amendment retaliation claim, and it has a potential for success on the merits. He asserts that the following extraordinary circumstances exist to justify the appointment of counsel: (a) his claims have not been taken seriously; (b) Plaintiff is incarcerated at Stewart Conservation Camp, where there is no law library; (c) Plaintiff's case requires investigation into Defendants' personnel files and other documents to which inmates are not normally permitted access; (d) Plaintiff's case will likely go to trial, and the witnesses will need to be cross-examined; (e) Plaintiff's case has complicated legal issues, and requiring him to present his case himself will put him at an unfair disadvantage; (f) Plaintiff has tried, unsuccessfully, to obtain *pro bono* representation himself.

In civil cases, the court may only appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent such litigants but only to request such representation on a *pro bono* basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). Appointment of counsel is not a matter of right. *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

In making its determination, the court will consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). It is therefore the plaintiff's duty in a motion based upon 28 U.S.C. § 1915 to demonstrate to the court that he cannot afford to obtain private counsel, that he is likely to succeed on the merits of his claim, and that the legal issues involved are too complex to be presented adequately without the assistance of counsel. The court has considerable discretion in determining whether counsel should be appointed.

Plaintiff's motion demonstrates an ability to articulate his claims and legal positions. Additionally, although he states he has no access to a law library, he has cited case law in support of his position. His papers are articulate, logical, and reasoned. The court appreciates that it is difficult for *pro se* parties to litigate their claims and that almost every *pro se* party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a *pro bono* basis, and the number of attorneys available to accept appointment is very limited. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (Dkt. #24) is DENIED.

## II.   Scheduling Order.

Pursuant to Federal Rules of Civil Procedure 16(b) and Local Rule 16-1, this Scheduling Order shall be filed and served upon the parties or their counsel. When the term "counsel" is used in this Scheduling Order, it shall include any and all parties appearing *pro se*.

**IT IS HEREBY ORDERED**:

1.   Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed by **February 10, 2012**. Any party

1  causing additional parties to be joined or brought into this action shall contemporaneously therewith
2  cause a copy of this Order to be served upon the new party or parties.
3      2.    Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are
4  allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be
5  filed and served by **February 10, 2012**.
6      3.    Any discovery motions shall be filed and served no later than **March 1, 2012**.
7      4.    Motions for summary judgment shall comply with the requirements of LR 56-1 and shall
8  be filed and served no later than **April 12, 2012.**
9      5.    Any motion filed beyond the time limit fixed by this Scheduling Order shall be stricken,
10 unless the Court grants an exception for good cause shown.
11     6.    **DISCOVERY:**  Pursuant to LR 16-1(b), discovery in this action shall be completed on
12 or before **March 12, 2012**.
13     7.    **EXTENSIONS OF DISCOVERY:**  Pursuant to LR 26-4, an extension of the discovery
14 deadline will not be allowed without a showing of good cause.  All motions or stipulations to extend
15 discovery shall be received by the Court on or before **February 21, 2012**, or at least **twenty days** prior
16 to this expiration of any extension that may have been approved by the Court.  The motion or
17 stipulation shall include:
18     (a)    A statement specifying the discovery completed by the parties of the date of the motion
19 or stipulation;
20     (b)    A specific description of the discovery which remains to be completed;
21     (c)    The reasons why such remaining discovery was not completed within the time limit of
22 the existing discovery deadline; and
23     (d)    A proposed schedule for the completion of all remaining discovery.
24     8.    In the event that the Federal Rules of Civil Procedure provide for any shorter time
25 periods for the filing of motions or pleadings, the shorter time limits shall apply notwithstanding the
26 time limits set forth in this Scheduling Order.  Pursuant to the authority given to the Court in
27 Fed.R.Civ.P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than
28 the time provided in paragraph 4 of this Order.

9.     **PRETRIAL:** Pursuant to LR 16-3(a), the Clerk shall issue a Pretrial Notice Order on **April 17, 2012,** or after all motions for summary judgment are denied, whichever is later.

10.    Any party who desires an amendment to this Scheduling Order shall, on or before **February 10, 2012**, file and serve a statement of proposed amendments and the reasons therefor. Each other party shall have until **February 27, 2012,** within which to file and serve a response thereto. After February 10, 2012, any amendment of this Scheduling Order shall be granted only upon motion and good cause shown.

11.    In all cases where a party or counsel is required to effect service hereunder, a certificate of such service shall be filed forthwith with the Clerk of the Court.

Dated this 20th day of December, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE